26 C.C.P.A.(Patents)

## In re DIEDERICHS.

### Patent Appeal No. 4128.

Court of Customs and Patent Appeals.
Feb. 27, 1939.

Edwin E. Vrooman, of Washington, D. C., for appellant.

R. E. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting all the claims, three in number, of appellant's application for a patent for want of. invention. over the prior art.

Claim 10 is illustrative of the appealed claims and reads as follows: "10. As a new article of manufacture, a jumping figure toy comprising a casing, a cover provided with a manikin-receiving apertures on said casing, horizontal guiding spurs on said cover and extending into said apertures, manikins in said apertures, each manikin provided in its side with a single elongated groove closed at its top and open at its bottom, said spurs extending at their outer ends into said grooves of the manikins, whereby the manikins have their faces always to the front and means for sliding said manikins upon said cover."

The references relied on are:

Bauchwitz, 1,194,268, August 8, 1916.
Diederichs, 1,565,716, December 15, 1925.

The alleged invention relates to a jumping figure toy comprising a deep hollow casing through the cover of which are vertical apertures. Cylindrical posts which are free to move up and down are placed in the apertures and on the top of each of the posts is a doll or manikin. Through a system of gears actuated by a hand crank, the posts are made to jump or move reciprocally up and down. Each post is provided in its side with an elongated groove substantially closed at its upper end and open at the bottom so that the posts may be removed or changed at will. In the wall of each aperture is fastened a horizontal guiding spur, the outer end of which extends into the groove. By reason of the groove and the spur, the post is kept from turning and the face of the manikin is always to the front of the device.

Appellant states in his application that: "This invention is an improvement upon the jumping figure toy disclosed in my prior United States Patent No. 1,565,716, issued December 15, 1925."

The alleged improvement over appellant's patent consists of the guiding spur and groove.

The Diederichs patent relates to a jumping figure toy and the only difference between the disclosure of the patent and the toy illustrated in the present application is that in the patent there is no groove and guiding spur.

The patent to Bauchwitz relates to a machine for punching characters and the like out of paper and affixing them to a backing of cardboard. This patent was cited by the examiner to show a shank, vertically guided in a yoke by a set-screw, working in a groove in the shank.

The examiner in holding that the guiding spur in cooperation with the groove is old as shown by the Bauchwitz reference stated: "This structure is old, as shown by Bauchwitz, cited above. Note in Fig. 1 that there is an elongated groove cut lengthwise in the stem of the follower, which is open at one end and closed at the other, and that there is a horizontal guiding spur which extends into the groove. If this follower were substituted for applicant's follower, the manikins would be removable, and would always have their faces to the front. Since the reference's structure is of metal, the threaded set-screw is practical, but it would not require invention to substitute a carpenter's headless nail and drive it from the inside of the aperture."

It was further held by the examiner that the general combination of jumping figures is old, as shown by the prior patent to Diederichs.

The Board of Appeals affirmed the decision of the examiner and stated that it did not involve invention to add the well known form of connection, as disclosed in the Bauchwitz patent, to the patented structure of appellant in order to provide an obvious improvement.

There is no doubt but that appellant's claimed invention is an improvement over the toy shown in his patent. With the groove and the guiding spur shown

in the application, the toy figures cannot turn in the apertures as they can in the structures of the patent. It, however, does not follow that the improvement is not obvious or that it involves invention to make the improvement.

It seems only sensible to us that, if it were desired to keep a wooden post from turning in a hole in a wooden platform, the obvious thing to do would be to fasten it to the platform with a nail or screw. Should it be desired to move the post up and down in the hole without permitting it to turn, we believe it would be a very natural thing to cut a groove down the side of the post and permit the nail head to cooperate with the groove in guiding the post in its movement. It certainly cannot involve invention to leave the groove open at the bottom so that the post may be raised and removed.

While it is apparent that the jumping toy disclosed in appellant's application is better and more attractive than the toy of his patent, the change called for in the appealed claims does not, in our judgment, amount to invention.

■ The fact that a device may be new does not render it patentable by reason merely of its novelty. In the case of In re Burnham, 53 F.2d 534, 535, 19 C.C.P.A., Patents, 723, we quoted with approval from Thompson et al. v. Boisselier et al., 114 U.S. 1, 11, 5 S.Ct. 1042, 29 L.Ed. 76, as follows: "* * * So, it is not enough that a thing shall be new, in the sense that in the shape or form in which it is produced it shall not have been before known, and that it shall be useful, but it must, under the constitution and the statute, amount to invention or discovery." See also In re Staude, 46 F.2d 579, 18 C.C.P.A., Patents, 894; In re Wilms, 63 F.2d 355, 20 C.C.P.A., Patents, 896; In re Green, 97 F.2d 130, 25 C.C.P.A., Patents, 1143.

■ Appellant contends that as neither reference cited discloses all of the structure of the appealed claims the claims were improperly rejected. This contention is not sound as we pointed out in the case of In re Cordes, 76 F.2d 302, 304, 22 C.C.P.A., Patents, 1158: "In passing upon the patentability of combination claims we have frequently combined references and held that, in view of such references, an alleged new combination would be obvious to one skilled in the art, and hence unpatentable. The case of In re Farrand, 49

F.2d 1035, 1037, 18 C.C.P.A. (Patents) 1452, is illustrative of this class of cases. The claims there involved were combination claims. The elements of the combination were not found in any single reference, but one element was disclosed in one of the references and the other two elements of the combination were disclosed in another of the references." See In re Crowell et al., 90 F.2d 125, 24 C.C.P.A., Patents, 1209; In re Johnson et al., 94 F.2d 978, 25 C.C.P.A., Patents, 948; In re Hodgson, 96 F.2d 285, 25 C.C.P.A., Patents, 1110.

We have examined with care the cases cited by appellant but none of them, in our opinion, are relevant to the issue here and, therefore, need no discussion.

For the reasons stated the decision of the Board of Appeals is affirmed.

Affirmed.